UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DION CARTER,<br><br>      *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, and JAMES VAUGHN, DANA FRIEND, HERBERT ROUSON, and CHERYL BAILEY, individuals,<br><br>      *Defendants*. | 22-cv-1681 (DLF) |

## DEFENDANT JAMES VAUGHN'S MOTION TO DISMISS PLAINTIFF CARTER'S AMENDED COMPLAINT

Defendant James Vaughn moves to dismiss Plaintiff Dion Carter's Amended Complaint under Fed. R. Civ. P. 12(b). Carter's claims are barred by the applicable statute of limitations. And the defendant is entitled to qualified immunity.

A memorandum of points and authorities detailing the basis for this motion is attached. A proposed Order is also attached.

Date: November 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

        s/ *Nicole Marimon*
NICOLE MARIMON
D.C. Bar No. 90001966
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-7316; (202) 705-1213 (direct)
Email: nicole.marimon@dc.gov

*Counsel for Defendant James Vaughn*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DION CARTER,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>DISTRICT OF COLUMBIA, and JAMES VAUGHN, DANA FRIEND, HERBERT ROUSON, AND CHERYL BAILEY, individuals,<br><br>　　　　*Defendants*. | 22-cv-1681 (DLF) |

## DEFENDANT JAMES VAUGHN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF CARTER'S AMENDED COMPLAINT

Defendant James Vaughn submits this memorandum of points and authorities in support of his requested relief.

### INTRODUCTION

Plaintiff Dion Carter's (Carter) suit against James Vaughn (Vaughn) cannot be maintained because his claims are barred by the applicable statute of limitations. And Carter has not shown that the actions he ascribes to Vaughn rise to the level of constitutional violations. And Vaughn is entitled to qualified immunity.

### FACTS

By Order, dated September 30, 2022, this Court granted Carter's motion for leave to amend his complaint. *See* 9/30/2022 Minute Order. Carter filed the amended complaint on that date. *See* Am. Compl. [14]. He sues the District, Dr. Cheryl Bailey, James Vaughn, Dana Friend, and Herbert Rouson for alleged constitutional violations. *Id*. He asserts the following

causes of action against Vaughn under 42 U.S.C. § 1983: Count I – discrimination by Court managers based on sexual orientation and gender identity and expression in violation of the federal Constitution; Count II – hostile work environment created by Court managers based on sexual orientation and gender identity and expression in violation of the federal Constitution; and Count III – retaliation by Court managers for protected opposition activity. *Id.*

Carter alleges he is an African American and transgender male who was hired by the D.C. Courts as a Building Maintenance Engineer (BME) in January 2010. *See* Am. Compl. at ¶¶ 2, 15. Carter asserts that at the time of hire, he identified as a woman and alleges she was the only female at the D.C. Courts who held the position of BME. *Id.* ¶ 17. Carter alleges that while employed by the D.C. Courts, supervisors, including James Vaughn, Dana Friend, Herbert Rouson, and Dr. Cheryl Bailey, as acting D.C. Court system executive director, discriminated against him based on his gender identity and expression and sexual orientation, suspended him and ultimately fired him on June 13, 2019 in retaliation for opposing such discrimination. *Id.* at ¶¶ 44, 50-52, 55, 64, 69-71, 7-78, 81, 88-91, 96, 106-107, 114, 151, 153-154.

Carter alleges that Vaughn participated in creating and maintaining a discriminatory and hostile work environment. He alleges that Vaughn berated him for needing the help of others and admonished him by saying "'[he] had better not refuse to do plumbing.'" *Id.* ¶¶ 68-69. And that Vaughn implemented rules, such as a requirement that building maintenance staff report to their supervisions for 30 minutes at the start of their shift, that were solely enforced against him. *Id.* ¶¶ 77, 82. Carter also asserts that Vaughn discriminated against him by "announc[ing] a rule that no worker under his supervision was permitted to assist, even in an emergency, without prior approval of a supervisor" because he had assisted building maintenance personnel with a steam leak. *Id.* ¶¶ 84-86.

Carter further asserts that in March 2018, he was deemed absent without leave in connection with the steam leak incident.  *Id.* ¶ 85.  According to Carter, on April 2, 2018, he made an internal administrative complaint accusing Vaughn of bullying.  *Id.* ¶¶ 103-104.  And Carter alleges that on April 25, 2018 he was issued a two-day suspension.  *Id.* ¶ 106.  Carter avers that Vaughn's conduct was discriminatory against him based on his sexual orientation and gender identity and expression.  *Id.* ¶¶ 87, 112.  Carter alleges that in December 2018, following his suspension, Vaughn wrote him up for insubordination for questioning his directive to change the lights in the adult detention cell block of the Court.  *Id.* ¶¶ 121-128.  And he alleges that in April 2019 Vaughn fabricated Carter's violation of the D.C Court policy against drinking alcohol on Court premises allegedly leading to his unjustified and pretextual termination, in violation of his constitutional rights.  *Id.* ¶¶ 142-162.

Given the allegations raised in the amended complaint, Vaughn now moves to dismiss Carter's amended complaint against him with prejudice.

## LEGAL STANDARD

A dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The determination of whether a dismissal is proper is made on the face of the pleadings alone.  *See Telecomms. of Key West, Inc. v. United States*, 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 559 U.S. 544, 570 (2007).  A complaint, therefore, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" in order to survive a Rule 12(b)(6) motion to dismiss.  *Id.* at 555.

# ARGUMENT

## I. Carter's Claims Against Vaughn are Time Barred.

The statute of limitations for a § 1983 claim is governed by the general three-year statute of limitations imposed by District of Columbia law. *See Proctor v. District of Columbia*, 74 F. Supp. 3d 436, 457 (D.D.C. 2014). *See also* D.C. Code § 12-301(8). Here, Carter did not sue Vaughn until September 30, 2022, when the Court granted him leave to amend the original complaint filed on June 12, 2022. *See* Am. Compl. Yet, Carter's asserted claims begin in 2016, continue in 2017 and 2018, and end with his termination on June 13, 2019. *See* Am. Compl. ¶¶ 35, 36, 55, 60-62, 68, 77, 84-85, 98, 103, 106, 114. Thus, because Cater waited until September 30, 2022 to sue Vaughn, each asserted claim identified in the Amended Complaint is barred by the three-year statute of limitations. *See* D.C. Code § 12-301(8).

## II. Carter Has Not Identified Constitutional Violations and Vaughn is Entitled to Qualified Immunity.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, 555 U.S. at 231. "The protection of qualified immunity applies regardless of whether the government official's error is a 'mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978) (qualified immunity covers "mere mistakes in judgment, whether the

4

mistake is one of fact or one of law")). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and … is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Courts have "repeatedly… stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

The trial court has the discretion to determine which prong of the qualified immunity analysis to decide first. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734, 131 S. Ct. 2074, 2078, 179 L. Ed. 2d 1149 (2011). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2153, 150 L. Ed. 2d 272 (2001); *see also Johnson v. District of Columbia*, 381 U.S. App. D.C. 351, 528 F.3d 969, 976 (D.C. Cir. 2008) (noting that although reasonableness might be a factor in both steps, the second step focuses solely on whether it was reasonable for the government official to not know their conduct was unlawful). In *Tahlequah v. Bond*, 595 U.S. __ (2021) (per curiam), the Supreme Court reversed a denial of qualified immunity and clarified what constitutes "clearly established" for purposes of the doctrine. The court states, "[w]e have repeatedly told courts not to define clearly established law at too high a level of generality. . . . It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Tahlequah*, slip op. at 3. (citations and quotations omitted). Similarly, in *Rivas-Villegas v. Cortesluna*, 595 U.S. __ (2021) (per curiam), the Supreme Court reversed another denial of qualified immunity, again cautioning courts against defining a clearly established right at too high level of generality. The court stated, "to show a violation of clearly established law,

Cortesluna must identify a case that put Rivas-Villegas on notice that his specific conduct was unlawful." *Rivas-Villegas*, slip op. at 5.

Under the law, in order "[t]o defeat a defense of qualified immunity, a plaintiff must show not only [1] that an official 'violated a constitutional right,' but [2] also that 'the right was clearly established' at the time of the violation." *Fenwick v. Pudimott*, 778 F.3d 133, 137 (D.C. Cir. 2015) (quoting *Saucier*, 533 U.S. at 200-01). *See also White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quotations and citation omitted) (Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.").

Here, the allegations Carter raises against Vaughn mainly relate to conduct allegedly committed by his subordinate–Emanuel Allen. *See* Am. Compl. ¶¶ 9,55-62, 70. But "officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). And other than conclusory allegations, Carter offers no facts to show that Vaughn engaged in discriminatory conduct, created, participated, or maintained a hostile work environment, or retaliated against him. For instance, Carter alleges that Vaughn berated him for needing the help of others. *See* Am. Compl. ¶ 64. But these allegations are not enough to hold Vaughn liable for violating Carter's constitutional rights. Indeed, Carter must plead – and has not – facts showing that the sexual harassment is "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 97–98 (D.D.C. 2007) (*citing Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (*quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986))). Here, the allegations

raised by Carter do not show a severe or pervasive work environment fraught with discriminatory intimidation, ridicule or insult related to his sexual orientation. *See* Am. Compl. Nor are his allegations that "[e]ither Allen or Vaughan[sic], or both, admonished Carter angrily that he 'had better not refuse to do plumbing" enough to support a hostile work environment. *Id.* ¶ 69. Neither instance reflects Vaughn's actions were tied to Carter's sexual orientation or gender identity nor do they rise to the level of constitutional violation. And the allegation that Vaughn required Carter to report to his office "for at least 30 minutes every workday" and that such a requirement was enforced against Carter only is conclusory. *Id.* ¶¶ 77, 82. As is Carter's assertion that Vaughn discriminated against him by "announc[ing] a rule that no worker under his supervision was permitted to assist, even in an emergency, without prior approval of a supervisor" because Carter had assisted building maintenance personnel with a steam leak. *Id.* ¶¶ 84-86. Similarly, Carter's assertion that his write up by Vaughn for insubordination in connection with an order to change lights in the Court's adult detention cell block does not show discriminatory intent nor does it reflect a violation of a constitutional right. *Id.* ¶¶ 121-128. Carter fails to tie any of this conduct to Carter's sexual orientation or gender identity. *Id.* And while Carter alleges that he informed D.C. Court's internal investigator that he was accusing Vaughn of bullying, Carter fails to show that Vaughn was aware of Carter's protected activity. *Id.* ¶¶ 103-105. Or that his two-day suspension in 2018 was in response to Carter's complaints. Indeed, Carter admits that Vaughn was considering the suspension prior to Carter's complaint on April 2, 2018. *Id.* ¶¶ 99, 103. Similarly, Carter's allegation that Vaughn's ultimate recommendation to terminate him for violating the D.C. Court's policy against drinking alcohol on Court premises was a pretext for unlawful discrimination is conclusory. Indeed, Carter concludes that Vaughn "fabricated" facts without support. But other than contend that Vaughn

7

never spoke with various individuals, and contend that Vaughn "could have" but did not order a breath test, Carter offers no facts to show that Vaughn had authority to terminate him or that the reason for his termination was fabricated. *See id.* ¶¶154-159. Because Carter has not shown that his constitutional rights were violated, this claim fails against Vaughn. Even if these incidents as alleged rise to the level of constitutional violations, Vaughn is entitled to qualified immunity. Based on these allegations, no reasonable official faced with the same set of circumstances as Vaughn would believe his conduct to be unlawful.

## CONCLUSION

For these reasons, Carter's amended complaint against Vaughn should be dismissed with prejudice.

Date: November 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division


/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I


/s/ *Nicole Marimon*
NICOLE MARIMON
D.C. Bar No. 90001966
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-7316; (202) 705-1213 (direct)
Email: nicole.marimon@dc.gov
*Counsel for Defendant James Vaughn*

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DION CARTER,<br><br>      *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, and JAMES VAUGHN, DANA FRIEND, HERBERT ROUSON, and CHERYL BAILEY, individuals,<br><br>      *Defendants*. | 22-cv-1681 (DLF) |

**ORDER**

Upon consideration of Defendant James Vaughn's Motion to Dismiss Plaintiff Dion Carter's Amended Complaint, any Opposition, Vaughn' Reply, and the record, it is this \_\_\_\_ day of _____, 2022,

**ORDERED:** that the motion is granted for the reasons identified by Vaughn in his motion; and it is,

**FURTHER ORDERED:** that this lawsuit against James Vaughn is dismissed with prejudice; and it is,

**SO ORDERED.**

_____
Judge Dabney L. Friedrich
U.S. District Court for the District of Columbia