IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DION CARTER,

      Plaintiff,

                                                Civil Action No. 1:22-cv-01681

v.

                                                Hon. Dabney L. Friedrich

DISTRICT OF COLUMBIA,
*et al.*,

      Defendants.

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
## ON PRECLUSION ISSUES

I.    Introduction

On May 22, 2023, this Court asked the parties for supplemental briefing on the preclusive effect of a D.C. Superior Court decision about exhaustion of the plaintiff's administrative recourse under the D.C. Courts personnel policies. Minute Order, May 22, 2023. For the reasons set forth below, plaintiff Dion Carter submits that the Superior Court's decision has no preclusive effect on the Section 1983 civil rights claims in this case.

II.    Background and procedural history

The Court will recall that Mr. Carter, a transgender man, is a former building maintenance technician at the D.C. Courts. He alleges that he was subjected to a merciless stream of abuse by his bosses in the D.C. Courts, and

finally fired in 2019 on a false and scurrilous allegation of drinking on the job. He timely appealed to the D.C. Courts system's executive director, Dr. Cheryl Bailey, under the required procedure, but after his appeal was examined, Courts counsel telephoned his counsel to say he should withdraw the appeal and file in court because D.C. Courts personnel policies ("the Policies") did not allow Dr. Bailey to order a meaningful remedy. Mr. Carter followed counsel's admonition and filed in D.C. Superior Court in 2020, only to have the defendant move to dismiss, and the court grant dismissal, for want of those same remedies.

Mr. Carter appealed to the D.C. Court of Appeals, which eventually held[1] that injunctive relief, attorneys' fees, and perhaps also monetary damages were available on judicial review of a personnel action for compliance with the Policies—provided that the aggrieved employee could show he had exhausted his administrative recourse. *Carter v. District of Columbia*, No. 21-CV-93 (D.C. Aug. 17, 2022). While that appeal was still pending, and with the approaching end of the three-year limitations period governing civil rights claims in the District of Columbia under 42 U.S.C. § 1983, Mr. Carter filed the present federal civil suit.[2]

---

[1] Mr. Carter first attempted to have the D.C. Court of Appeals remand the case to permit consolidation of all claims, including a Section 1983 claim under *Bostock*, in the Superior Court case. Motion for Expedited Remand, *Carter v. District of Columbia*, No, 21-CV-93 (D.C., filed Jan. 3, 2022). The Court of Appeals denied that motion. *Id.,* Order Denying Expedited Remand (D.C. Jan. 19, 2022).

[2] Mr. Carter moved early on to have this Section 1983 action stayed at least until the D.C. Court of Appeals had ruled. Motion to Stay the Action, Aug. 29, 2022 (ECF No. 10). *Cf. Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465–66 (1975) (explaining that plaintiffs with pending EEOC charges should file their Section 1981 claims and request a stay until the EEOC charges are resolved). The Court denied that motion, citing *Hoai v. Sun Ref. &*

On May 17, 2023, the D.C. Superior Court decided on remand that Courts system counsel's urging was not sufficient "inducement" of Mr. Carter to withdraw his administrative appeal to Dr. Bailey, and that therefore his Superior Court action under the Policies could not proceed. *Carter v. District of Columbia*, No. 2020-CA-002820-B (D.C. Super. Ct., May 17, 2023), at 8. That ruling did not touch the merits of Mr. Carter's discrimination allegations, but concerned only whether he had taken the proper steps to allow for judicial review of his firing under the D.C. Courts system's personnel policies. *Id.*

Nevertheless, the District immediately notified this Court of the Superior Court's exhaustion decision, and suggested that the present federal case should be dismissed on claim preclusion grounds, even though the Superior Court's exhaustion decision is now being appealed. The Court has now asked for briefing on the preclusion question. Minute Order of May 22, 2023 ("supplemental briefing on *res judicata* implications, if any").[3]

---

*Mktg. Co.,* 866 F.2d 1515, 1520 (D.C. Cir. 1989) ("the mere desire to resolve all issues involving related facts in one court does not justify" a stay of the federal action). Minute Order of Sept. 30, 2022, ¶ 2. Mr. Carter respectfully submits that it would be manifest injustice to invoke *Hoai* to bar Mr. Carter's attempt to consolidate his claims in Superior Court on remand from the D.C. Court of Appeals, and then to invoke the same principle to punish him for not so doing.

[3] Although courts take various views of the relevant terminology, *see, e.g., Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (treating *res judicata* as an umbrella term for both claim and issue preclusion), this brief will assume that the Court has requested briefing on claim preclusion, long regarded as a synonym for *res judicata*. *See, e.g., Calomiris v. Calomiris,* 3 A.3d 1186, 1190 (D.C. 2010) (treating *res judicata* and claim preclusion as interchangeable terms). Issue preclusion, apparently not pressed by the District, *see* Defendants' Supplemental Brief on *Res Judicata*, June 15, 2023 (ECF No. 27), does not apply here, since that doctrine precludes relitigation only of issues fully and fairly litigated, and finally

III. <u>Discussion</u>

The question whether a claim is precluded is to be decided by reference to state, not federal, preclusion law. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986). The D.C. Court of Appeals has held that claims are precluded that were brought, or could have been brought, in a prior action arising from the same operative facts, and also that a ruling must be "on the merits" for claim preclusion to apply. *Colvin v. Howard Univ.,* 257 A.3d 474, 481 (D.C. 2021) (claim preclusion arises "when a court renders a final judgment on the merits of a cause of action").

This gives rise to two questions: (a) whether the present Section 1983 claim "could have been brought" in the earlier-commenced D.C. Superior Court lawsuit, and (b) whether the Superior Court's May 2023 exhaustion dismissal of Mr. Carter's claims under D.C. Courts personnel policies was a judgment "on the merits" of his underlying discrimination claims.

A. *"Could have been brought."*

A year after Mr. Carter's termination in 2019, the law of the land changed with regard to gender identity discrimination. *Bostock v. Clayton County, Ga.*, 590 U.S. ___, 140 S. Ct. 1731 (2020) (holding that discrimination based on sexual orientation and gender identity is discrimination based on sex). Before *Bostock*, Mr.

---

decided, in a prior action. *Colvin v. Howard Univ.*, 257 A.3d 474, 482 (D.C. 2021); *Canonsburg Gen. Hosp. v. Sebelius*, 989 F. Supp. 2d 8 (D.D.C. 2013). It should be beyond dispute that the underlying discrimination issues in this case have not been addressed, let alone litigated or decided, in any litigation other than this one.

Carter could would not have had a claim under Title VII, or under the federal Constitution via 42 U.S.C. § 1983.[4] The Superior Court dismissed his action for want of a remedy before he had a meaningful opportunity to amend his pleading, and without allowing any such amendment. *See* discussion *infra*.

Moreover, it is settled across jurisdictions that claim preclusion does not apply in cases of "the plaintiff's failure to satisfy a precondition to suit," where another action is "instituted after the claim has matured, or the precondition has been satisfied[.]" Restatement (2d) of Judgments, § 20(2). Here, assuming *arguendo* that the D.C. Court of Appeals will deem Mr. Carter to have failed to exhaust his remedy with the Courts' chief executive even though it was she who conveyed to him that he should withdraw his appeal to her and file suit, the case will have been dismissed for failure to satisfy a precondition, namely exhaustion of that remedy, which brings this case squarely within the Restatement.

At a minimum, in assessing whether the Section 1983 claim in this case "could have been brought" in the earlier case, this court should take into account Mr. Carter's diligent efforts in the D.C. courts, *see* nn. 1, 2, & 4 *supra*, to bring this

---

[4] Employment discrimination suits against state (as opposed to federal) actors under the Constitution's equal protection guarantee are governed by Title VII principles. *Burton v. Dist. of Columbia*, 153 F. Supp. 3d 13, 55 (D.D.C. 2015), *citing Oates v. District of Columbia*, 824 F.2d 87, 90 (D.C. Cir. 1987) (citing authorities); *Jo v. District of Columbia*, 582 F. Supp. 2d 51, 60 (D.D.C. 2008) (collecting cases). Those principles apply retroactively, such that after *Bostock,* Mr. Carter's gender identity discrimination claim against the D.C. Courts has a viability it did not have before that decision. As it happens, *Bostock* was handed down on the very day that Mr. Carter filed his original D.C. Superior Court complaint, June 15, 2020. However, the fact remains obvious that, as a practical matter, he could not have brought his Section 1983 equal protection claim under *Bostock* on the day that decision was issued.

action within the scope of his D.C. Superior Court action when the change in relevant law allowed him to do so.

B.  *"On the merits."*

The D.C. Superior Court gave Mr. Carter no chance to amend his complaint when it dismissed his original action for want of remedy. Order of Dismissal, *Carter v. District of Columbia*, No. 2020-CA-02320-B (January 19, 2021) (Wm. Jackson, J.) (dismissing with prejudice and without leave to amend). Neither did the Court of Appeals open that opportunity to Mr. Carter when it remanded, *Carter v. District of Columbia,* No. 21-CV-93 (D.C., order filed Aug. 17, 2022), since it directed the trial court—or at least the trial court deemed itself directed—to decide whether administrative exhaustion had taken place before considering the merits of Mr. Carter's discrimination claims. Dismissal on remand has now occurred without a moment's consideration of the merits of those underlying claims.

In short, not once have the D.C. courts considered the legal sufficiency, let alone the factual proofs, of the discrimination claims at the heart of this case. Where there is no final judgment on the underlying merits of a cause of action, claim preclusion is inapposite. *Colvin,* 257 A.3d at 482, *citing Interdonato v. Interdonato*, 521 A.2d 1124, 1131 (D.C. 1987) (when dismissal does not determine the merits, claim preclusion does not apply).

In effect, the District's contention is nothing more than an objection to claim-splitting, which is a matter of court docket administration, not claim preclusion. *See, e.g., Curtis v. Citibank*, 226 F.3d 133, 137-138 (2d Cir. 2000). Moreover, a

6

separate Section 1983 complaint in federal court should not be subject to dismissal on claim-splitting grounds. *See, e.g., Clayton v. District of Columbia,* 36 F. Supp. 3d 91 (D.D.C. 2014) (claim-splitting doctrine does not preclude simultaneous federal and state court actions arising from same facts).[5]

However, even if failure to exhaust is regarded as a "procedural prerequisite" to judicial review, and not strictly a bar to court jurisdiction, *see Fort Bend County v. Davis*, 587 U.S. ___, 139 S. Ct. 1843 (2019), a ruling that lack of exhaustion precludes consideration of the merits of the dispute does not, by definition, decide the merits of the dispute.

Claims like Mr. Carter's under Section 1983, as to which exhaustion is not required, are not precluded by dismissal of state law claims for failure to exhaust, since those dismissals do not touch the merits of the Section 1983 allegations. The two are independent; neither preempts the other, and both are available because of choices by Congress. *See Thigpen v. Bibb County, Georgia, Sheriff's Department*, 223 F.3d 1231 (11th Cir. 2000), *overruled on other grounds, Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Annis v. County of Westchester*, 36 F.3d 251, (2d Cir. 1994).

## IV.   Conclusion

For the reasons explained above, Mr. Carter could not have brought the present Section 1983 claim in his D.C. Superior Court action at any time before he

---

[5] The D.C. Court of Appeals' decision in *Mudd v. Occasions Caterers, Inc.*, 264 A.3d 1191 (D.C. 2021), is not to the contrary, as it dealt with two cases in the same court. *Id.,* 264 A.3d at 1201.

earnestly tried to fold it into that case. Moreover, the D.C. Superior Court's recent exhaustion dismissal was not an adjudication on the merits of Mr. Carter's underlying discrimination claims, but was only a determination that he had failed to satisfy a prerequisite to suit. Therefore, claim preclusion should not operate to require dismissal of this action, and it should be permitted to proceed to its proofs.

                                      Respectfully submitted,

                                      _____
                                      Stephen B. Pershing
                                      D.C. Bar No. 482580
                                      Pershing Law PLLC
                                      1416 E Street, N.E.
                                      Washington, D.C. 20002
                                      (202) 642-1431 (o/m)
                                      steve@pershinglaw.us

                                      *Counsel for plaintiff*

Dated: June 15, 2023

                                                          ^   ^   ^

**CERTIFICATE OF SERVICE**

      I certify that on this 15th day of June, 2023, the foregoing was filed with the Court's electronic case filing ("ECF") system, through which it was transmitted to counsel for the District, as follows:

Nicole Marimon, Esq.
Office of the D.C. Attorney General
Civil Litigation Division
400 6th Street, N.W.
Washington, D.C. 20001
nicole.marimon@dc.gov

_____
Stephen B. Pershing